UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | |
|---|---|
| OSCAR OMAR GONZALEZ, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 0:17-cv-00002-GFVT-CJS |
| ) | |
| v. ) | |
| ) | |
| KATHY LITTERAL, Warden., ) | **ORDER OF TRANSFER** |
| ) | |
| Respondent. ) | |

\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

Petitioner Gonzalez is an inmate confined at the Eastern Kentucky Correctional Complex. [R. 6 at 1.] Gonzalez files a habeas petition pursuant to 28 U.S.C § 2254 challenging his 2012 conviction in the Daviess County Circuit Court in Owensboro, Kentucky. [R. 1.] Magistrate Judge Candace Smith filed a Report and Recommendation recommending that this matter be transferred to the Western District of Kentucky. [R. 6.] As explained below, this Court is in agreement with Judge Smith that this Court is not a proper venue for this habeas proceeding. Accordingly, Gonzalez's § 2254 petition will be transferred and the Magistrate Judge's Report and Recommendation **ADOPTED** as and for the opinion of this Court.

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the R&R or else waive his rights to appeal. In order to receive de novo review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d. 981, 994 (6th Cir. 2007) (quoting *Smith v. Chater*, 121 F.3d 709, 1997 WL 415309, at \*2 (6th Cir. 1997) (unpublished opinion)). A general objection that fails to identify

specific factual or legal issues from the Recommendation, however, is not permitted, since it duplicates the magistrate's efforts and wastes judicial economy. *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

Gonzalez filed a timely objection to the Report and Recommendation. [R. 7.] In his objection, he states he "objects to all adverse rulings in the Report and Recommendation" and that he "fears irreparable injury and injustice" in the Western District of Kentucky. [R. 7 at 1.] Even under the lenient standard applied to pro se defendants, this failure to respond does not trigger the Court's requirement to conduct a de novo review of that claim. See, e.g., *Mira*, 806 F.2d at 637 ("The parties have 'the duty to pinpoint those portions of the magistrate's report that the district court must specially consider.' ") (citing *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982)). Gonzalez cites no case or statute in support of his objection and provides no factual basis for this Court to assess whether or not he has reason to have fear of transfer of venue. Accordingly, his objection will be **OVERRULED**.

A prisoner who seeks a writ of habeas corpus under 28 U.S.C. § 2254 must file the petition in the jury division in which the challenged judgment, conviction or order was rendered. *See* LR. 3.2(b). The federal judicial district for Daviess County, Kentucky, is the United States District Court for the Western District of Kentucky, Owensboro Division. LR 3.1(b)(3).

Title 28 U.S.C. § 1406(a) permits a district court to transfer a civil action under certain circumstances.[1] Because Defendant is challenging a judgment against him in Daviess Circuit

---

[1] Title 28 U.S.C. § 1406(a) provides as follows:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Court in Owensboro, Kentucky, Gonzalez's § 2254 petition will be transferred to the United States District Court for the Western District of Kentucky, Owensboro Division, for all further proceedings, including the currently pending motions. [*See* R. 2; R. 5.]

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Pursuant to 28 U.S.C. § 1406(a), Petitioner Oscar Gonzalez's 28 U.S.C. § 2254 petition for writ of habeas corpus [R. 1] is hereby **TRANSFERRED** to the United States District Court for the for the Western District of Kentucky, Owensboro Division, for all further proceedings, including the currently pending motions [R. 2; R. 5.];

2. Gonzalez's Objection to the Recommended Disposition is **DENIED** [R. 7];

3. This case is **STRICKEN** from this Court's active docket; and

4. The Clerk of the Court is **DIRECTED** to send a copy of this Order to Petitioner Gonzalez.

This the 18th day of August, 2017.

Gregory F. Van Tatenhove
United States District Judge